**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| CHRIS HERNDON, DAMON BEVINS, DUSTIN KREINBROOK, JEREMEY EARDLEY, JONATHAN FLANAGAN, JOSEPH MARTIN, JUSTIN ELLIS, KEVIN FRIZZELL, KODY CAPATOSTO, MARK ORTIZ, RUSTY DEAN GROW, JR., and TRAVIS A. MILLER,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>COLLEEN WALZ, *in her official and individual capacities*; DEBRA LEHMAN, *in her official and individual capacities*; ERIC BRITTON, *in his official and individual capacities*; FRANK J. BROCCOLO, *in his official and individual capacities*; ISIAH WHITE, *in his official and individual capacities*; LEROY BLAKE, *in his official and individual capacities*; MARY JONES, *in her official and individual capacities*; ROBERT E. WRIGHT, *in his official and individual capacities*; STEPHEN ROLANDO, *in his official and individual capacities*; and ST. JOHN FIRE DISTRICT,<br><br>　　　　　　Defendants. | No. 2:21-cv-03192-DCN |

　　　　The following matter is before the court on defendants' motions to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF Nos. 23 & 25, and plaintiffs' motion to voluntarily dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a), ECF No. 28. For the reasons set forth below, the court grants

1

defendants' motions, grants in part and denies in part plaintiffs' motion,[1] and dismisses the action with prejudice.

## I. BACKGROUND

On September 7, 2021, the St. John Fire District (the "District") announced the adoption of a new personnel policy requiring that all District employees be fully vaccinated against COVID-19 with an effective date of November 20, 2021. The new policy was published to all employees. The policy provides a process by which employees can request an exemption for medical or religious reasons, and it provides for temporary deferral for any employee on extended leave at the time of the effective date and under other specified circumstances.

After publication of the policy, certain firefighters employed by the District ("plaintiffs") filed for administrative exemptions from the mandate. Plaintiffs filed suit against the District, the Chief of the District, and members of the District's appointed commission ("defendants") on September 23, 2021 in the Charleston County Court of Common Pleas. ECF No. 2-1. Defendants removed the case to this court on September 30, 2021. ECF No. 2. On September 30, 2021, plaintiffs filed a motion for a preliminary injunction. ECF No. 3. On October 21, 2021, the court denied that motion, finding, inter alia, that a preliminary injunction was not warranted because plaintiffs had not shown a likelihood of success on the merits. ECF No. 24.

On October 20, 2021, defendants filed motions to dismiss with prejudice. ECF Nos. 23 & 25. Subsequently, on October 28, 2021, plaintiffs filed a motion to voluntarily

---

[1] Although plaintiffs' motion to dismiss asks for dismissal without prejudice, plaintiffs note in their reply that they request dismissal with prejudice in the alternative. In this respect, plaintiffs' motion is granted in part.

dismiss the action without prejudice. ECF No. 28. On November 1, 2021, defendants responded in opposition to plaintiffs' request for dismissal without prejudice. ECF Nos. 29 & 30. On November 5, 2021, plaintiffs replied, ECF No. 31, and on November 8, 2021, defendants filed a sur-reply, ECF No. 32. On November 9, 2021, the court instructed plaintiffs to respond to defendants' motions to dismiss with prejudice. ECF No. 33. Plaintiffs filed that response on November 22, 2021, ECF No. 34, and on November 24, 2021, defendants replied, ECF Nos. 35 & 36. As such, all motions to dismiss have been fully briefed and are now ripe for the court's review.

## II.   DISCUSSION

Both parties request that the court dismiss the instant action. The only issue before the court is whether to do so with or without prejudice. Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may not voluntarily dismiss his or her action without a court order after service of an answer or motion for summary judgment, unless a stipulation of dismissal is signed by all parties. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The purpose of Rule 41(a)(2) is to freely allow voluntary dismissals unless the parties will be unfairly prejudiced. McCants v. Ford Motor Co., 781 F.2d 855, 856 (11th Cir. 1986); Alamance Indus. Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961), cert. denied, 368 U.S. 831 (1961). As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant. See Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997); Phillips v. Ill. Cent. Gulf R.R., 874 F.2d 984, 986 (5th Cir. 1989); Andes v.

Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); McCants, 781 F.2d at 856–57. Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996); Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987). These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case. See Ohlander, 114 F.3d at 1537.

      Rule 41(a)(2) permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from voluntary dismissal. A claim may be dismissed with prejudice under Rule 41(a)(2) if the court considers it to be a proper term of dismissal and states it in the order of dismissal. See Fed. R. Civ. P. 41(a)(2) (stating that dismissal may be granted "on terms that the court considers proper" and that "unless the order states otherwise," dismissal is without prejudice). In addition, the plaintiff must have notice that dismissal with prejudice is a possibility and have an opportunity to respond to a defendant's arguments for dismissal with prejudice. See Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986).

      The court finds dismissal with prejudice appropriate here. Most notably, plaintiffs' reasons for voluntary dismissal without prejudice—to the extent they offer any—are wholly insufficient. In their motion for voluntary dismissal without prejudice,

plaintiffs failed to offer any explanation for the requested voluntary dismissal. After defendants challenged plaintiffs' motion on this basis, plaintiffs explained in reply that dismissal without prejudice is necessary because the court denied their motion for a preliminary injunction and, as a result, "[t]he parties are all vaccinated or terminated. As such, there is no need for the effort and expense to be had in delaying this dismissal or taking this matter any further." ECF No. 31 at 4. In the court's view, this argument negates, rather than supports, the need for dismissal without prejudice. To the extent "the case is moot" after the court's resolution of the motion for preliminary injunction, as plaintiffs contend, the court sees no reason to permit plaintiffs to reopen the matter at a later date. Id.

The court instead finds that plaintiffs' motion to voluntarily dismiss the action is merely an attempt to avoid defending its claims against dismissal for failure to state a claim or otherwise. Plaintiffs filed their motion for voluntary dismissal eight days after defendants filed their first Rule 12(b)(6) motion—notably, in lieu of responding to defendants' motion. After the deadline for plaintiffs' response to the Rule 12(b)(6) motion had passed, the court specifically instructed plaintiffs to "respond to the merits of defendants' motion to dismiss" and explained that their response would "assist in the court's determination of whether this case should be dismissed with or without prejudice." ECF No. 33 at 2. While plaintiffs thereafter filed a document purporting to respond to defendants' motions to dismiss, that briefing is entirely devoid of any substantive argument regarding the merits of plaintiffs' claims. In the two short paragraphs of plaintiffs' "argument," plaintiffs simply state in a conclusory manner that their case has merit. For example, they perfunctorily reiterate that the vaccine mandate

5

"is inconsistent with the Constitution and general law of this state." ECF No. 34 at 3. Suffice it to say, plaintiffs' "response" falls far short of defending their claims against the Rule 12(b)(6) motions. It is apparent by plaintiffs' refusal to provide meaningful argument in response to defendants' motions to dismiss with prejudice that plaintiffs seek voluntary dismissal as a means to avoid an imminent adverse ruling on those motions. And "avoiding an adverse ruling in federal court is a clearly insufficient reason for a voluntary dismissal." Tyree v. Wal-Mart Stores E., Inc., 2009 WL 2852427, at *2 (W.D. Va. Sept. 3, 2009).

Additionally, the lack of diligence plaintiffs displayed in defending their claims, defendants' effort and expense in this action, and the present stage of litigation all weigh in favor of dismissing this action with, as opposed to without, prejudice. As explained above, plaintiffs utterly failed to defend their claims against defendants' motions to dismiss. Even if the motions to dismiss were not outstanding, the court's order on plaintiffs' motion for preliminary injunction did not leave many pending issues in its wake. In the court's view, resolution of the action is primarily a matter of law and not particularly fact-intensive. The District's vaccine policy at issue and the terms and conditions therein are not in dispute. The parties simply disagree on whether those terms and conditions violate plaintiffs' rights. In connection with plaintiffs' request for injunctive relief, consideration of these complex issues of state and federal law, which would usually be reserved for later stages of litigation, was required at the outset. Defendants and this court expended a great deal of energy in thoroughly considering each of plaintiffs' claims at that time. These efforts were needlessly compounded by plaintiffs' failure to exhibit similar diligence in articulating the law applicable to their

claims and their arguments thereunder in briefing their motion.  See ECF No. 24 at 11 (noting that plaintiffs' "motions for preliminary injunction are little more than a recitation of the allegations in the complaint, without an overview of the law underlying plaintiffs' claims or application of the facts to that law.  As such, defendants were left to prognosticate the arguments that plaintiffs intended to make under each of their claims and preemptively rebut those arguments in their responses.  Plaintiffs do little in their replies to clarify the issues and applicable legal framework, but, instead, further complicate the motions by consistently conflating their claims and reciting various legal buzz words and catch phrases without explaining how those principles apply to the instant actions.").  Plaintiffs' motion comes only after the merits of the controversy were squarely raised, and the court issued an unfavorable ruling regarding plaintiffs' likelihood of success on their claims.  Accordingly, the court finds that dismissal without prejudice would result in plain legal prejudice to defendants and denies plaintiffs' request for the same.

      The court further finds that dismissal with prejudice is warranted because plaintiffs had notice of the potential for dismissal with prejudice and an opportunity to respond.  Plaintiffs first had notice of the potential for at least partial dismissal with prejudice when defendants filed their Rule 12(b)(6) motions.  Plaintiffs thereafter had an opportunity to respond to those motions pursuant to the usual deadlines provided for under the Federal Rules.   Plaintiffs once again had notice and an opportunity to respond to the possibility of dismissal with prejudice when defendants requested the same in their responses to plaintiffs' motion for voluntary dismissal.  Plaintiffs provided their arguments against dismissal with prejudice in reply.  Plaintiffs were put on notice a third

7

time when the court ordered plaintiffs to respond to defendants' Rule 12(b)(6) motions after the deadline to do so had expired. As explained above, the court specifically advised that it would consider that response in determining whether it should dismiss the action with or without prejudice. The court further warned that "[d]ismissal without prejudice may be inappropriate where the plaintiff seeks to avoid an imminent adverse ruling by the court." ECF No. 33 at 1–2 (collecting cases). Additionally, plaintiffs requested dismissal with prejudice in the alternative and therefore were clearly aware that their alternative request may be granted. Accordingly, the court does not find dismissal with prejudice unjust under the circumstances.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** defendants' motions to dismiss with prejudice for failure to state a claim, **GRANTS IN PART AND DENIES IN PART** plaintiffs' motion for voluntary dismissal, and dismisses the action with prejudice.

**AND IT IS SO ORDERED.**

                                        **DAVID C. NORTON**
                                        **UNITED STATES DISTRICT JUDGE**

**February 1, 2022**
**Charleston, South Carolina**